UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | CASE NO. 1:10-CV-01161 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **PLAINTIFF MICROSOFT'S** |
| DELTA COMPUTERS, INC., et al., | ) | **MOTION TO STRIKE DEFENDANTS'** |
| | ) | **TWELFTH AND TWENTY-FIRST** |
| Defendants | ) | **AFFIRMATIVE DEFENSES** |

Plaintiff Microsoft Corporation ("Microsoft") submits this Memorandum in Support of its Motion to Strike the Twelfth and Twenty-First Affirmative Defenses in the Answer filed by Defendants Delta Computers, Inc., an Ohio corporation, also known as Delta Computer, Inc. and Dimitrios Gountis, an individual (collectively, "Defendants"). Because Defendants cannot excuse their distribution of infringing copies of Microsoft software by asserting copyright misuse and unclean hands defenses in this case, their Twelfth and Twenty-First Affirmative Defenses should be stricken without leave to amend.

### I. BACKGROUND FACTS

This is a straightforward case about Defendants' distribution of computers with infringing Microsoft software after Microsoft warned them about their illegal activity. By letter dated February 23, 2007, Microsoft notified Defendants it had received a report that Defendants may have distributed illegal Microsoft software and informed them of the consequences of such misconduct. [Complaint, ¶ 11.] Still, in or about April of 2010, Defendants distributed to an

investigator a computer system with infringing Windows XP software. [Id., ¶ 12.] This does not appear to be an isolated incident, but indicative of Defendants' regular business activities. Microsoft filed this action against Defendants on May 24, 2010. [Id., ¶ 13.]

In their Answer, Defendants attempt to assert 24 affirmative defenses. Although all lack merit, the Twelfth and Twenty-First Affirmative Defenses should be dismissed as a matter of law. The Twelfth Affirmative Defense states, without any factual detail, that "Plaintiff is barred from recovery, in whole or in part, due to copyright misuse." [Answer, p. 5.] Defendants' Twenty-First Affirmative Defense similarly states, "Plaintiff is barred from relief under the doctrine of unclean hands." [Id.] Both are insufficient as a matter of law because they are not and cannot be sufficiently pled. Because Defendants cannot make allegations of misuse that would share a common nexus with and excuse their infringement of Microsoft's copyrights, Defendants' Twelfth and Twenty-First Affirmative Defenses should be stricken without leave to amend.

## II. ARGUMENT

### A. Standards For Motion To Strike

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," including affirmative defenses. Fed.R.Civ.P. 12(f); *Microsoft Corp. v. Computer Support Services of Carolina, Inc.*, 123 F. Supp.2d 945, 949-950 (W.D.N.C. 2000). An affirmative defense is insufficient "if 'as a matter of law, the defense cannot succeed under any circumstances.'" *U.S. Securities and Exchange Commission v. Thorn*, 2002 WL 31412440, *2 (S.D. Ohio). In addition, affirmative defenses must meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *HCRI TRS Acquirer, LLC v. Iwer*, 2010 WL 1704236, *3

(N.D. Ohio). "Affirmative defenses should 'provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case.'" Id., quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009).

Courts have "liberal discretion" to strike filings as they deem appropriate. *In re Keithley Instruments, Inc.*, 599 F.Supp.2d 908, 910 (N.D. Ohio 2009). A motion to strike is proper if it eliminates spurious issues before trial, thereby streamlining the litigation. *Thorn*, 2002 WL 31412440 *2. This serves judicial economy and spares the parties of unnecessary litigation expenses. *HCRI TRS Acquirer*, 2010 WL 1704236, *3; *Computer Support Services*, 123 F. Supp.2d at 949-950; *Simon v. Manufacturers Hanover Trust Co.*, 849 F. Supp. 880, 883 (S.D.N.Y. 1994).

### B. Defendants' Twelfth and Twenty-First Defenses Are Not Adequately Pled

In assessing whether an affirmative defense meets the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a court should disregard "'threadbare recitals of the elements'" of the defense and "'mere conclusory statements.'" *HCRI TRS Acquirer*, 2010 WL 1704236 * 2, quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court should focus on whether "'well-pleaded factual allegations' … 'plausibly give rise to an entitlement to relief.'" Id.

In this case, Defendants' Twelfth Affirmative Defense merely states, "Plaintiff is barred from recovery, in whole or in part, due to copyright misuse." [Answer, p. 5.] Defendants' Twenty-First Affirmative Defense states in its entirety, "Plaintiff is barred from relief under the doctrine of unclean hands." [Id.] Both purported defenses consist solely of threadbare recitals and conclusory statements. Defendants fail to make a single factual allegation in support of

3

either defense. Because Defendants' Twelfth and Twenty-First Affirmative Defenses fall "woefully short of even the liberal requirements of Rule 8," they must be stricken. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla. 2002) (striking copyright misuse defense lacking any factual allegations).

### C. Defendants' Twelfth And Twenty-First Defenses Are Legally Insufficient

Defendants' Twelfth and Twenty-First Affirmative Defenses must also be stricken because they are legally insufficient. It is unclear whether copyright misuse is a valid affirmative defense in the Sixth Circuit.[1] The affirmative defense of copyright misuse "has not been recognized by the Sixth Circuit, nor has it been rejected." *Budish v. Gordon*, 784 F. Supp. 1320, 1336 (N.D. Ohio 1992). When the Northern District of Ohio has considered the defense of copyright misuse, it has held it to be inapplicable, noting that the party who attempts to assert the defense has a great burden to bear. Id. (finding that agreement seeking greater rights than provided under copyright law did not constitute misuse); see also, *National Football League v. Rondor, Inc.*, 840 F. Supp. 1160, 1168 (N.D. Ohio 1993) (holding that plaintiff's limited license was permitted by the copyright law and did not constitute misuse).

When the defense of copyright misuse is recognized, it is as a species of the unclean hands defense. *Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683. The doctrine of unclean hands bars relief to a party who has acted improperly or in bad faith in relation to the controversy in issue. Id. Although "'equity does not demand that its suitors shall have led blameless lives as

---

[1] Many courts have rejected copyright misuse as a defense. *Service & Training, Inc. v. Data General Corp.*, 737 F. Supp. 334 (D.Md.1990) (and cases cited therein); *Rural Telephone Service Co. v. Feist Publications, Inc.*, 663 F. Supp. 214 (D.Kan.1987) (citing cases), *aff'd*, 916 F.2d 718 (10th Cir.1990) (table), rev'd on other grounds, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); see also, *BellSouth Advertising & Publishing Corp. v. Donnelley Information Publishing Inc.*, 719 F. Supp. 1551 (S.D.Fla.1988), *aff'd on other grounds*, 933 F.2d 952 (11th Cir.1991).

to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue.'"  Id., quoting *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 814, 65 S. Ct. 993, 997, 89 L. Ed. 1381 (1945). Consequently, the copyright misuse defense is inapplicable "'where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts affect the equitable relations between the parties with respect to the controversy.'" *Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684.

In *Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 685, the defendant attempted to assert a copyright misuse defense by alleging, "Plaintiff has engaged in licensing and other practices that constitute copyright misuse."  Microsoft filed a motion to strike.  The Court found that the defendant "not only failed to disclose the specific wrongful conduct in which the Plaintiff has purportedly engaged, but the Defendant also has failed to establish how the Plaintiff's alleged wrongful conduct is directly related to the current case." Id.  Thus, the Court held that the defendant's copyright misuse defense failed as a matter of law and granted Microsoft's motion to strike with prejudice.  Id.; see also, *Computer Support Services*, 123 F. Supp. 2d at 955 (holding in the context of the distribution of infringing Microsoft software that equitable defenses based on unclean hands require a showing that there is a nexus between the plaintiff's purported misconduct and the defendant's infringing acts).

Here, Defendants' copyright misuse and unclean hands affirmative defenses both fail as a matter of law because Defendants do not and cannot allege facts showing that there is a nexus between any purported misconduct on the part of Microsoft and the claims against the Defendants.  Defendants cannot in good faith allege any misconduct on the part of Microsoft that directly and adversely affected Defendants.  Defendants have no relationship with Microsoft

5

with respect to the infringing Microsoft software at issue in this case, except to prey upon the unsuspecting public by distributing such items.  Defendants cannot explain why any purported copyright misuse or unidentified misconduct by Microsoft gives them the right to mislead the unsuspecting public by distributing infringing Microsoft software.  Because it is impossible for Defendants to allege legitimate facts in support of the affirmative defenses that would enable them to defeat the complaint, their copyright misuse and unclean hands defenses must be stricken without leave to amend.  *Williams v. Provident Investment Counsel, Inc.*, 279 F.Supp.2d 894, 905 (N.D. Ohio 2003).

### III.  CONCLUSION

For all of the foregoing reasons, the Court should grant Microsoft's Motion and strike Defendants' Twelfth and Twenty-First Affirmative Defenses without leave to amend.

Respectfully submitted,

/s/ *Robert E. Chudakoff*
Robert E. Chudakoff (0038594)
ULMER & BERNE LLP
Skylight Office Tower
1660 West 2nd Street – Suite 1100
Cleveland, Ohio  44113-1448
Tel: (216) 583-7000
Fax: (216) 583-7001
rchudakoff@ulmer.com

Attorney for Plaintiff
Microsoft Corporation