IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICROSOFT CORPORATION** | ) | CASE NO: 1:10 CV 1161 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| **DELTA COMPUTERS, INC., et al.** | ) | OPPOSITION TO PLAINTIFF'S |
| | ) | MOTION TO STRIKE TWO |
| Defendants | ) | AFFIRMATIVE DEFENSES |
| | ) | |
| | ) | |

Now come Defendants, and oppose Plaintiff's motion to strike two affirmative defenses from their joint answer. Plaintiff's motion should be denied.

Plaintiff asserts two grounds for striking these defenses. They claim, first, that the defenses are inadequately pled, due to inadequate factual allegations (ECF 11-1 at 3-4) and second, that they are legally insufficient (ECF 11-1 at 4-6). Both of these grounds lack merit, and the affirmative defenses should not be stricken. In the alternative, should this Court be inclined to strike the defenses due to inadequate factual allegations, Defendants request leave to amend their joint Answer, to allege additional facts and inferences supporting those defenses.

### A. The Defenses Are Sufficiently Pled

Plaintiff first alleges that affirmative defenses lacking supporting factual allegations should always be stricken. ECF 11-1 at 3-4. But the case it cites as authority for this proposition, *HCRI TRS Acquirer, LLC v. Iwer*, 2010 U.S. Dist. LEXIS 41552 (N.D. Ohio Apr. 28, 2010) (Zouhary, J.) actually favors the

Defendants here. In that opinion, Judge Zouhary held[1] that affirmative defenses were properly and sufficiently pled when they "give Plaintiff the necessary notice of a plausible defense." *Id.* at *10. But affirmative defenses need only recite specific facts explaining the grounds for the defense when they are "facts clearly within the Defendants' knowledge," *id.* at 11, and where "Defendants cannot claim that discovery is needed to uncover these facts." In *HCRI TRS Acquirer*, one of the three challenged affirmative defenses failed to satisfy Civ.R. 8, because its legal basis – economic duress – was necessarily based on facts known to the Defendant at the time of answering the complaint, and the Defendant failed to allege those facts.

This case is therefore distinguishable from *HCRI TRS Acquirer*: these Defendants cannot obtain additional facts relating to these two affirmative defenses without discovery. As discussed in more detail below, both defenses relate to Plaintiff's conduct with regard to third parties or the government, and require discovery of facts that will never be in an infringement Defendant's possession at the outset of litigation. Accordingly, because Civ.R. 8 only requires a specific factual basis for an affirmative defense when that basis is, or ought to be, known to the Defendants at the time of answer, it only requires a "short and plain" statement putting the Plaintiff on notice of the defense.[2]

---

[1]Judge Zouhary's recitation of the applicable standard bears repeating here:

> the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Id.* at *3, *citing Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

[2]This "short and plain statement" standard for affirmative defenses furthers the Civil Rules' overarching goal of reaching the merits of cases whenever possible, because failure to state an affirmative defense in the answer usually constitutes a waiver of that defense, for all time.

Further, other Judges of this Court and other Courts in this Circuit have held that motions to strike affirmative defenses are best handled after the exchange of paper discovery. *See e.g. Ruffin v. Frito-Lay, Inc.*, 2010 U.S. Dist. LEXIS 66268 at *8-*12 (E.D. Mich. June 10, 2010) (discussing viability of affirmative defenses after their alleged factual basis was revealed by interrogatories); *Chao v. Chermak*, 2006 U.S. Dist. LEXIS 91051 at *10-*11 (N.D. Ohio Dec. 18, 2006) (Aldrich, J.) (striking affirmative defenses only where Defendant has "neither pled nor asserted facts" to explain their factual basis).

Finally, this Court's case management order contemplates that the parties will be given leave to amend their pleadings (including leave to assert additional affirmative defenses) before the close of discovery. ECF 8. It would be an unnecessary burden on this Court, and a waste of judicial economy, to strike affirmative defenses at this early stage of the litigation, before the parties' exchange of initial disclosures or paper discovery, and then consider and rule upon, after briefing, Defendants' motion to amend their answer to add these affirmative defenses after discovery on the issues can be conducted. This Court ruled similarly in *216 Jam. Ave., LLC v. S & R Playhouse Realty Co.*, 2009 U.S. Dist. LEXIS 17898 (N.D. Ohio Feb. 25, 2009) (Boyko, J.), where it granted leave to add affirmative defenses because discovery could still be conducted on their merits. Other Courts in this Circuit have ruled similarly. *See also 1704 Farmington, LLC v. City of Memphis*, 2009 U.S. Dist. LEXIS 59022 (W.D. Tenn. July 10, 2009) (granting leave to add affirmative defense after discovery of its specific factual basis, but extending trial and other deadlines to prevent prejudice to plaintiff); *Visteon Corp. v. Nat'l Union Fire Co.*, 2008 U.S. Dist. LEXIS 6580 ( E.D. Mich. Jan. 30, 2008) (granting leave to add affirmative defenses when discovery incomplete); *Grossman v. Mazda of N. Am.*, 2008 U.S. Dist. LEXIS 94450 (E.D. Mich. Nov. 5, 2008) (granting leave to amend after discovery revealed factual basis for additional defense). Instead, rather than

striking these two affirmative defenses and then hearing a motion to add them back after discovery, judicial economy favors denying Plaintiff's motion.³

### B. The Defenses are Legally Cognizable in This District

Plaintiff's second argument is that copyright misuse, which it describes as "a species of the unclean hands defense," ECF 11-1 at 4, and unclean hands itself, are not recognized in this Circuit, and therefore should be stricken as an "insufficient defense" to Plaintiff's claims. *Id.* at 4-5. But this argument lacks merit, as shown below.

#### 1. Unclean Hands

First, it cannot be disputed that unclean hands is an affirmative defense to copyright infringement in this Circuit: that has been established for over eighty years. In *W. H. Anderson Co. v. Baldwin Law Pub. Co.*, 27 F.2d 82 (6th Cir. Ohio 1928), the Court considered a claim of copyright infringement between two publishers of legal treatises. In discussing whether infringement occurred, the Court cited – with approval – the case of *Edward Thompson Co. v. American Law Book Co.*, 122 F. 922 (2d Cir. N.Y. 1903). In *Edward Thompson*, another legal treatise case, the rights-holder was accused of copying his work (which he then copyrighted) from the previous work of others, and thus coming to court with unclean hands. *Id.* at 926 ("An author who has pirated a large part of his work from others is not entitled to have his copyright protected."). Accordingly, it is well settled, in this Circuit and others, that unclean hands is a valid affirmative defense to copyright infringement. *See, e.g., Vitagraph, Inc. v. Grobaski*, 46 F.2d 813, 815 (D. Mich. 1931) (permitting defendant to argue unclean hands at trial); *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980) (collecting authorities, including NIMMER ON COPYRIGHT, enforcing

---

³This argument is additionally supported by the fact that Plaintiff does not allege that it will be somehow prejudiced by providing discovery about these two defenses, and does not object to providing discovery on Defendants' other affirmative defenses, some of which will require discovery on related issues. See e.g. Answer at ¶¶ 6 (waiver), 9 (license), 11 (invalid registration).

unclean hands against copyright claimants), *cited with approval in Eckes v. Card Prices Update*, 736 F.2d 859, 861-862 (2d Cir. N.Y. 1984); *Compuware Corp. v. IBM*, 2003 U.S. Dist. LEXIS 24894 at *23-*25 (E.D. Mich. Dec. 19, 2003) (denying preliminary injunction due to Plaintiff's unclean hands).

Plaintiff further argues that Defendants must establish that the Plaintiff's misconduct – whereby it dirtied its hands – must have a relationship to "the controversy in issue," ECF 11-1 at 5. Defendants do not contest this. They have no intention of arguing at trial that Microsoft's previous sanctions, fines, and penalties in other cases should invalidate its alleged copyright, even though its pattern of misconduct in and out of the courtroom has been well documented for many years. *See Caldera, Inc. v. Microsoft Corp.*, 72 F. Supp. 2d 1295 (D. Utah 1999) (denying summary judgment on antitrust claims against Plaintiff); *Bristol Tech., Inc. v. Microsoft Corp.*, 114 F. Supp. 2d 59, 94 (D. Conn. 2000) (assessing punitive damages against Plaintiff after finding "unusually far-reaching deceptive conduct by an extraordinarily wealthy defendant"), *vacated after settlement by* 250 F.3d 152 (2d Cir. 2001); *United States v. Microsoft Corp.*, 253 F.3d 34, 46 (D.C. Cir. 2001) (affirming liability for anticompetitive conduct in violation of Sherman Act);[4] *z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1353 (Fed. Cir. 2007) (affirming sanctions against Plaintiff for improper failure to produce documents in discovery); *Hochstein v. Microsoft Corp.*, 2009 U.S. Dist. LEXIS 44879 (E.D. Mich. May 21, 2009) (ordering sanctions against Plaintiff for failure to produce documents in discovery); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 859 (Fed. Cir. 2010) (affirming award of enhanced damages of $40 million, based in part on "improper statements by Microsoft's counsel to the jury, in defiance of the court's repeated admonitions.").

---

[4]See also http://www.microsoft.com/about/legal/en/us/ConsumerSettlements/Default.aspx (announcing settlement of twenty related civil class actions claiming anticompetitive conduct and payment of settlement in same); http://www.microsoft.com/presspass/press/2007/oct07/10-24MSStatement.mspx (announcing compliance with European Court of First Instance decision regarding anticompetitive conduct, including payment of 280,500,000 fine)..

5

However, it is well established that unclean hands will bar an infringement case whenever the plaintiff is "misrepresenting the scope of his copyright." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 991 (9th Cir. 2009). Because Defendant contends here that Plaintiff has an invalid copyright, and is claiming the exclusive right to control the publication and sale of computer software which it did not create (see affirmative defenses 11 & 13), and/or misrepresenting the scope of its copyright, unclean hands is a plausible affirmative defense in this action, and should not be stricken as insufficient.

This argument is further bolstered by Plaintiff's own decision to engage in extremely minimal notice pleading: in its 17-page Complaint, comprising seven (7) different legal theories, the sole factual allegation is found in ¶ 12: that sometime in the month of April, "Defendants distributed to an investigator a computer system with infringing Windows XP software." Plaintiff does not specify whether the computer system was purchased or not – the Defendant also engages in repair and maintenance of computer systems and their software – or how the copy of Windows XP in dispute is alleged to infringe on the registered copyright. Until the Defendants can discover the factual and legal basis of Plaintiff's claim,[5] which Plaintiff apparently has no desire to explain until discovery, it would be unfair to hold Defendants to a higher standard of specificity in pleading.

### 2. Copyright Misuse

Plaintiff next argues that copyright misuse has not yet recognized as a defense in this Circuit. ECF 11-1 at 4, *citing Budish v. Gordon*, 784 F. Supp. 1320, 1336 (N.D. Ohio 1992).[6] But that case is almost

---

[5]For instance, it is not clear (yet) whether Defendants are alleged to have sold a copy of Windows XP they allegedly pirated, whether they allegedly infringed the copyright on Windows XP by performing some alteration to it, whether Defendants paid for the disputed copy of Windows XP but violated some term of a license agreement, or some other imaginable set of facts.

[6]Plaintiff's quotation from that case, ECF 11-1 at 4 n.1, treads very near the precipice of misleading this Court: while it quotes half of the *Budish* footnote listing the decisions which had declined to recognize copyright misuse at that time, it omits the other half of the *Budish* footnote, which lists the courts that had

6

twenty years old; in the meantime, courts in this Circuit, including this one, have recognized the defense. *See e.g. Midwest Tape, LLC v. Recorded Books, LLC*, 2010 U.S. Dist. LEXIS 29718 at *3 (N.D. Ohio Mar. 26, 2010) (Katz, J.) (holding that copyright misuse could be asserted in declaratory judgment action); *Chirco v. Charter Oak Homes, Inc.*, 2008 U.S. Dist. LEXIS 29764 (E.D. Mich. Apr. 11, 2008) (instructing jury on copyright misuse defense to validity of copyright); *Compuware Corp. v. IBM*, 2003 U.S. Dist. LEXIS 24894 at *13 (E.D. Mich. Dec. 19, 2003) (denying preliminary injunction based on "unclean hands and copyright misuse defenses" asserted by IBM); *Microsoft Corp. v. Compusource Distribs., Inc.*, 115 F. Supp. 2d 800, 811 (E.D. Mich. 2000) (considering copyright misuse defense, but granting summary judgment in plaintiff's favor where no nexus between antitrust liability and alleged infringement shown).

    Just like patent misuse, copyright misuse is broadly defined as using a copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office, contrary to public policy. *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 977 (4th Cir. 1990). Most often, the defense applies where the rightsholder has included terms in its typical license agreement that are unreasonably anti-competitive, such as prohibiting the use of competing products, *Practice Mgmt. Information Corp. v. Am. Med. Assn.*, 121 F.3d 516, 520-521 (9th Cir. 1997), or prohibiting the licensee from independent creation of a non-infringing product that would compete with the copyrighted product, or would contribute to the public good. *Video Pipeline, Inc. v. Buena Vista Home Ent., Inc.*, 342 F.3d 191, 204 (3d Cir. 2003) ("Anti-competitive licensing agreements may conflict with the purpose behind a copyright's protection by depriving the public of the would-be competitor's creativity."). The defense also applies when a rightsholder attempts to mislead or defraud an infringer, by unfairly threatening infringement penalties that exaggerate or misstate the law, *Vogue Ring Creations, Inc. v. Hardman*, 410 F.Supp. 609, 616 (D.R.I.

---

already recognized it. *See Budish v. Gordon*, 784 F. Supp. 1320, 1336 n. 10 (N.D. Ohio 1992).

1976), or by claiming copyright in a work that is at least partly in the public domain. *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 214 U.S.P.Q. 409, 413 n.9 (7th Cir. 1982).

Until discovery of the factual and legal basis for Plaintiff's claim of copyright infringement, the exact form of Plaintiff's copyright misuse cannot be investigated or proven. However, the Plaintiff's longstanding pattern of violation of anti-trust and anti-competitive laws around the globe – it has paid over $300,000,000 in fines in the last decade – makes it "plausible" that it has engaged in copyright misuse, as a matter of law.

Where the affirmative defense of copyright misuse has been proven, the copyright holder is prevented from enforcing its copyright, until it demonstrates that it has purged the misuse by abandoning the inappropriate conduct, and in cases where the misuse had actual anti-competitive consequences, the rightsholder must prove that those consequences have dissipated. *Altmayer-Pizzorno v. L-Soft Int'l, Inc.*, 302 Fed. Appx. 148, 156-157 (4th Cir. 2008). If this is not shown, the copyright cannot be enforced. Accordingly, until further discovery can be conducted into the Plaintiff's license agreements, conduct, and alleged scope of copyright, this affirmative defense remains "plausible" and should not be stricken as "insufficient."

**C.     Conclusion**

No plaintiff likes affirmative defenses. This Plaintiff, having identified two affirmative defenses that it would prefer not to provide discovery about, seeks to strike them as legally insufficient. But both affirmative defenses have been widely recognized as legally valid in cases of copyright infringement, and both are plausible in this case.

Further, both defenses have been adequately pled. Considering Plaintiff's extremely minimal factual allegations, it would be unfair to hold Defendants to a higher standard of specificity in pleading. And considering the posture of this case, it would be imprudent to strike these defenses before any discovery

has commenced, only to grant the parties broad leave to amend their pleadings later on, after some discovery has been conducted.

Accordingly, the defenses should not be stricken, and Plaintiff's motion should be denied.

Respectfully submitted,

 s/ George H. Carr
**JAMES T. TYMINSKI, JR. (0070516)**
**GEORGE H. CARR  (0069372)**
**KRISTIN L. WEDELL (0072500)**
**GALLAGHER SHARP**
Sixth Floor--Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310  FAX (216) 241-1608
Internet:   jtyminski@gallaghersharp.com
          gcarr@gallaghersharp.com
          kwedell@gallaghersharp.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

     I hereby certify that on July 21, 2010, a copy of the foregoing Opposition to Plaintiff's Motion to Strike Two Affirmative Defenses was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      s/ George H. Carr
**JAMES T. TYMINSKI, JR. (0070516)**
**GEORGE H. CARR  (0069372)**
**KRISTIN L. WEDELL (0072500)**
Attorneys for Defendants