**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICROSOFT CORPORATION,** | ) | **CASE NO. 1:10CV1161** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **DELTA COMPUTERS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #11) of Plaintiff, Microsoft Corporation, to Strike Defendants' Twelfth and Twenty-First Affirmative Defenses. For the following reasons, the motion is denied.

## I. BACKGROUND

Microsoft's Complaint alleges Defendants distributed computers with infringing software after Microsoft issued warnings to them about their illegal activity. Microsoft alleges this was not an isolated incident; but rather, part of Defendants' ongoing business activities. Microsoft seeks damages, an accounting, the imposition of a constructive trust, and a permanent injunction. In their Answer, Defendants assert twenty-four affirmative defenses. The Twelfth defense reads: "Plaintiff is barred from recovery, in whole or in part, due to copyright misuse." The Twenty-First states: "Plaintiff is barred from relief under the doctrine of unclean hands." Microsoft moves to have these defenses stricken, arguing they are not properly pled and are legally insufficient.

## II. LAW AND ANALYSIS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  An affirmative defense is sufficient "as long as it gives plaintiff fair notice of the nature of the defense."  *Lawrence v. Chabot*, 182 Fed. App'x 442, 456 (6th Cir.2006) (quoting Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1274); *accord*, *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir.1998).

According to Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure, a party must "state in short and plain terms its defenses to each claim asserted against it."  Furthermore, under Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct."

In recent years, the United States Supreme Court has altered the standard for reviewing the sufficiency of allegations in a complaint.  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937 (2009).  The Supreme Court instructs that a complaint must set out "enough facts to state a claim of relief that is plausible on its face."  *Twombley*, 550 U.S. at 570.  Additionally, the *Iqbal* opinion notes for Fed. R. Civ. P. 12(b)(6) analysis:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.

Thus far, the Sixth Circuit has not decided whether the heightened pleading standards

of *Twombley* and *Iqbal* should apply to affirmative defenses; and the district courts within the Circuit are split on the question.  *See, Ruffin v. Frito-Lay*, No. 09-CV-14664, 2010 WL 2663185, at *2 (E.D. Mich. June 10, 2010).

In *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953), the court commented: "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts ...  It is a drastic remedy to be resorted to only when required for the purposes of justice ... The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."  (internal citations omitted).

In the within matter, Microsoft has sued Delta Computers for copyright infringement. The Twelfth and Twenty-First Affirmative Defenses of copyright misuse and unclean hands are simple, concise, direct, and plausible.  It cannot be said that they lack any relation to the controversy.  Microsoft has been given fair notice of the nature of the defenses.

### III. CONCLUSION

For these reasons, Plaintiff Microsoft's Motion to Strike Defendants' Twelfth and Twenty-First Affirmative Defenses is denied.

**IT IS SO ORDERED.**

**DATE: August 11, 2010**

                                         **S/Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**